■ In the Matter of SARA B. LEVINE, Doing Business as SUPREME WINE & LIQUOR COMPANY, Respondent, v. NEW YORK STATE LIQUOR AUTHORITY et al., Appellants.— Order, entered October 31, 1967, unanimously reversed, on the law, with $50 costs and disbursements to appellant the New York State Liquor Authority, the petition dismissed, and the determination of the State Liquor Authority confirmed. The Special Term found that the Authority had investigated all essential factors and considered on the merits the entire record in approving the application for a package liquor store license. In the circumstances the court should not have directed a trial to determine the weight to be accorded such factors, but should have determined upon the entire record whether there existed a rational basis for the Authority's conclusion that public convenience and advantage would be promoted by the issuance of the new license. The issuance of a license is a function of the Authority to be exercised upon the facts developed before it. Review of its determination is on the basis of such facts and not on the evidence before another tribunal upon entirely new proof. Our examination of the record indicates that the determination of the Authority is neither arbitrary nor capricious but rests upon a reasonable basis. (*Matter of Sinacore v. New York State Liq. Auth.*, 21 N Y 2d 379.) Concur — Eager, J. P., Steuer, Tilzer, McGivern and McNally, JJ.

■ CHARLES MAYO, Appellant, v. NEW SANDS OPERATING CORP., Doing Business as SANDS BEACH CLUB, Respondent.— Order, entered September 28, 1967, granting reargument and upon reargument adhering to original decision granting defendant-respondent's motion to dismiss the complaint for lack of prosecution and denying plaintiff-appellant's cross motion to transfer the action to the Civil Court, reversed, on the law, the facts and in the exercise of discretion, and the motion to dismiss is denied, without costs or disbursements. Plaintiff-appellant's cross motion to transfer the cause to the Civil Court is granted, conditioned on the payment of a full bill of costs to defendant-respondent. Since the order was dated September 28, 1967, subsequent to the effective date of CPLR 3216, the legislative policy therein expressed, in our opinion, does not warrant dismissal. Concur — Tilzer, McGivern and McNally, JJ.; Eager, J. P., and Steuer, J., dissent in the following memorandum: We dissent. Under the circumstances here, we do not agree that this court should be moved on " the facts and in the exercise of discretion " to reverse the order of Special Term. We would affirm as a matter of law. (See *Guhl v. Martin* 29 A D 2d 858.)

(Republished)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES GEORGE TONGE, Appellant.— Order entered on June 13, 1966 denying, after a hearing, appellant's application for a writ of error *coram nobis*, unanimously affirmed. However, a copy of the trial minutes which appellant requested shall be furnished to him, and the affirmance shall be without prejudice to a motion by appellant, if so advised, made within 60 days after receipt of the minutes, for a new hearing on his *coram nobis* application aforesaid. The orders of this court entered on December 21, 1967 [29 A D 2d 535] and February 27, 1968 [29 A D 2d 753], are vacated. Concur — Botein, P. J., Eager, Capozzoli, Tilzer and McGivern, JJ.

# (April 10, 1968)

■ In the Matter of SIDNEY J. UNGAR.— Motion for reconsideration and modification of order of disbarment denied. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.